IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TODD MCDONALD, | ) |
| | ) |
| | ) |
| Petitioner, | ) |
| | ) Civil No. 21-cv-1708-DWD |
| vs. | ) |
| | ) |
| WILLIAMS, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Petitioner Todd McDonald, a federal inmate incarcerated at FCI Greenville, brings this habeas action pursuant to 28 U.S.C. § 2241. He presents several challenges to the conviction he received after a jury trial in the Western District of Arkansas.

This matter is now before the Court for preliminary review. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

### BACKGROUND

On April 5, 2017, McDonald was charged in a five-count Indictment issued by a Federal Grand Jury for the Western District of Arkansas. *USA v. McDonald*, 17-cr-60014, ("criminal case"). Counts One and Two charged McDonald with online enticement of a

1

minor in violation of 18 U.S.C. § 2422(b) (Criminal Case, Doc. 9). Count Three charged McDonald with knowingly receiving child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (b). *Id*. Count Four charged McDonald with knowingly possessing a computer containing images of child pornography in violation of 18 U.S.C. §§ 2552A(a)(5)(B) and (b)(2). *Id*. Count Five charged McDonald with possession of ammunition as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *Id*.

On October 10, 2017, McDonald pled guilty to Counts One and Five of the Indictment (Criminal Case, Doc. 24). On November 7, 2018, McDonald was sentenced to 210 months imprisonment based upon a guideline range of 168 to 210 months imprisonment (Criminal Case, doc. 42). Thereafter, McDonald filed an appeal and two 2255 petitions, all of which were denied (Criminal Case Docs. 55, 64, 78).

## THE PETITION

McDonald raises four grounds for relief in his § 2241 petition (Doc. 1): (1) he was not conversing with a minor; (2) he lacked the requisite intent and did not take a "substantial step" toward commission of the predicate offense; (3) he did not know it was illegal for a felon to possess ammunition under federal law; and (4) he was not served with a copy of the warrant. As to the claim that his conviction should be overturned because he was not conversing with a minor, McDonald indicates that he has newly discovered evidence (Facebook messages) demonstrating that he was conversing with the minor victim's mother, and that this newly discovered evidence warrants consideration under § 2241. McDonald also states as follows regarding why the remedy under § 2255 is inadequate or ineffective to challenge his conviction:

> U.S. Attorney for Western Arkansas District believes speech is a substantial step, will not acknowledge the legal definition of a minor under Part G Promoting a commercial sex act or prohibited sexual conduct, will not acknowledge new evidence, and will not acknowledge *Rehaif* Supreme Court decision.

(Doc. 1, p. 5).

## SECTION 2241

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be employed to raise claims of legal error in conviction or sentencing; they may only challenge the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is ordinarily limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). Additionally, in some instances, he may file a "second or successive" § 2255 motion.

In limited circumstances, however, a petitioner may employ § 2241 to challenge his federal conviction or sentence. *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc). Specifically, under § 2255(e) (the "savings clause"), a federal prisoner may seek relief under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255(e); *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). The Seventh Circuit has held that § 2255 is " 'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313 (citing e.g., *In re Davenport*, 147 F.3d

3

605 (7th Cir. 1998). Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). In *In re Davenport*, the Seventh Circuit stated as follows as to the savings clause:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d at 611.

"[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136. Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

## DISCUSSION

### A. Newly Discovered Evidence

McDonald claims he is actually innocent of the enticement conviction because he was not conversing with a minor. He contends he can proceed on this claim because it involves newly discovered evidence. Section 2255 allows a second or successive motion in such circumstances. Specifically, § 2255(h)(1) permits a second or successive motion

"when it contains 'newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense.' " *Mandacina v. Entzel*, 991 F.3d 758, 762 (7th Cir. 2021) (quoting 28 U.S.C. § 2255(h)(1)). Because § 2255(h)(1) provides an avenue for McDonald to seek relief, there is no structural flaw in § 2255 that would permit him to proceed under § 2241.[1] *See id.* (holding that petitioner could not use § 2241 to present Brady claim because petitioner's argument fell within § 2255(h)(1) and his inability to meet the threshold of § 2255(h)(1) showed only "that he [could not] obtain relief, not that there's a structural flaw" in § 2255). Accordingly, McDonald cannot present this claim in a § 2241 petition.

**B. Knowledge Regarding Ammunition**

McDonald claims that because he did not know it was illegal for a felon to possess ammunition, he is actually innocent of this charge. In support of this claim, McDonald cites to *Rehaif v. United States*, 139 S.Ct. 2191 (2019). *Rehaif*, involved a challenge to a conviction under 18 U.S.C. § 922(g), which makes it unlawful for certain individuals to possess firearms or ammunition. The Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Thus, to be convicted of

---

[1] In *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015), the Seventh Circuit held that § 2255(e) would permit consideration of "new evidence that would demonstrate categorical ineligibility for the death penalty." 784 F.3d at 1125. However, "the *Webster* court took great care to assure that its holding was narrow in scope." *Poe v. LaRiva*, 834 F.3d 770, 774 (7th Cir. 2016). There is no indication that *Webster* extends to the circumstances present in the instant case.

unlawful possession of a firearm in violation of § 922(g)(1), a defendant must (a) knowingly possess a firearm and (b) know that he "has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1); *see also* *Greer*, 141 S. Ct. at 2095 ("In felon-in-possession cases after *Rehaif*, the Government must prove not only that the defendant knew he possessed a firearm, but also that *he knew he was a felon* when he possessed the firearm." (emphasis in original)).

In the instant case, even assuming McDonald's *Rehaif* claim is properly brought in this § 2241 petition, his argument is without merit. By its terms, the statute does not require the defendant to know that his status prohibited him from possessing a firearm or ammunition; it simply requires the defendant to knowingly possess a firearm or ammunition and to know that he had previously been convicted of a felony at the time he did so. *See* 18 U.S.C. § 922(g)(1); *United States v. Boyd*, 999 F.3d 171, 182 (3d Cir. 2021) (noting that *Rehaif* does not require proof that the defendant knew he "could not legally possess a firearm," it only requires proof that the defendant knew he was in the relevant category); *United States v. Bryant*, 976 F.3d 165, 172–73 (2d Cir. 2020) ("although a felon need not specifically know that it is illegal for him to possess a firearm under federal law, *Rehaif* requires him to know, at the time he possessed the firearm, that he had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.").

McDonald does not contend he did not know that he had been convicted of a crime punishable by imprisonment for a term exceeding one year at the time he possessed ammunition, and the fact that he did not know it was illegal for him to possess

6

ammunition is irrelevant. Accordingly, McDonald's argument fails.

### C. Remaining Arguments

As to his remaining arguments, other than lodging complaints about the prosecutor on his case and stating that he never received a copy of the warrant, McDonald fails to address why a motion pursuant to § 2255 was "inadequate or ineffective." McDonald's dissatisfaction or disagreement with the prosecutor's position on legal issues and the fact that he allegedly did not receive a copy of the warrant do not entitle him to raise these claims in a § 2241 petition. Because McDonald has failed to satisfy §2255(e), these claims are not properly before this Court.

### DISPOSITION

For the foregoing reasons, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED with prejudice** and all pending motions are **TERMINATED as MOOT**.

If Petitioner wishes to appeal this Order, he must file a notice of appeal with this Court within the time allotted in FED. R. APP. P. 4(a)(1). If Petitioner chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** April 19, 2022

*/s/ David W. Dugan*

**David W. Dugan**
**United States District Judge**